UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Dr. Benjamin Ballout,
Plaintiff,

v.

Ambassador Tom Barrack,
Defendant.

Case: 2:25-cv-12727
Judge: Murphy, Stephen J.
MJ: Grand, David R.
Filed: 08-28-2025
CMP Ballout v. Barrack (tt)

Case No.:
Honorable Judge:

## COMPLAINT FOR DEFAMATION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, AND DECLARATORY RELIEF

### INTRODUCTION

This is an action brought by a dual United States and Lebanese citizen, Dr. Benjamin Ballout, to protect the dignity, honor, and reputation of himself, the Lebanese community, and the free press of Lebanon.

Defendant, Ambassador Tom Barrack, publicly characterized Lebanese journalists as 'animalistic' and invoked rhetoric of 'colonial superiority.'

Such remarks constitute defamatory statements and reckless expressions of contempt that diminish the standing of Plaintiff and the Lebanese community in the eyes of the international community.

Plaintiff seeks declaratory relief, injunctive orders requiring Defendant to publicly retract and issue corrective statements, and the recovery of costs associated with this action.

### PARTIES

Plaintiff, Dr. Benjamin Ballout, is a U.S. citizen and Lebanese national, businessman, and international figure whose professional and cultural identity is tied to both the United States and Lebanon.

Defendant, Thomas J. Barrack Jr., commonly known as Tom Barrack, is a U.S. citizen, businessman, political figure, and currently serving as Ambassador representing the United States abroad.

## JURISDICTION & VENUE

This Court has subject matter jurisdiction under 28 U.S.C. §1331 and §1332 as the claims involve questions of federal law and diversity of citizenship.

Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides within this District and the harm impacts his standing and reputation in the U.S. and globally.

## FACTUAL BACKGROUND

On or about [date], Defendant Barrack gave an interview in which he described Lebanese journalists as 'animalistic' and asserted notions of 'colonial superiority.'

These statements were published and circulated globally, including through CBS News and international press.

As a Lebanese-American, Plaintiff is directly and personally harmed by these remarks, which cast his heritage, community, and national identity in degrading terms.

Defendant's words were made recklessly, without factual basis, and with disregard for the dignity of Plaintiff and all Lebanese nationals.

Defendant Barrack's current assignment as a U.S. Ambassador obligates him to uphold respect, diplomacy, and non-discrimination — duties fundamentally at odds with the statements made.

## CAUSES OF ACTION

Count I – Defamation (Per Se)

Defendant's statements about Lebanese journalists being 'animalistic' were false, degrading, and damaging to Plaintiff's reputation as a member of that national community.

Such statements, published globally, constitute defamation per se as they impute a lack of humanity and dignity to Plaintiff and the class of persons to which he belongs.

Count II – Intentional Infliction of Emotional Distress

Defendant's conduct was extreme, outrageous, and beyond the bounds of civilized society.

Defendant acted with reckless disregard for the impact of his words, knowing they would cause humiliation and distress.

Count III – Declaratory Judgment & Injunctive Relief

Plaintiff seeks a declaration that Defendant's statements were defamatory and unlawful.

Plaintiff seeks an injunction requiring Defendant to:

a. Retract the statements publicly.

b. Issue an apology directed to Plaintiff and the Lebanese community.

c. Reaffirm commitment to diplomatic standards of dignity and respect.

**PRAYER FOR RELIEF**

Declare that Defendant's statements were defamatory and unlawful.

Order Defendant to issue a public retraction and apology, to be disseminated through the same or equivalent media outlets.

Award Plaintiff all costs, fees, and reasonable expenses associated with this filing.

Grant any other relief deemed just and proper by this Court.

Respectfully submitted,

Dr. Benjamin Ballout
400 Renaissance Center

Suite 2600

Detroit, Michigan 48243
Benjamin.ballout@diplomatictrade.com
Pro Se Plaintiff

## Appendix A – Legal Authorities and Precedents

The following U.S. laws, international conventions, and case precedents support Plaintiff's claims for defamation, intentional infliction of emotional distress, and declaratory relief in the matter of Ballout v. Barrack.

### Defamation / Free Speech

• Restatement (Second) of Torts §§ 558–559 – Defines defamation and its elements.

• Milkovich v. Lorain Journal Co., 497 U.S. 1 (1990) – Opinions implying false facts can be defamatory.

• Beaumont v. Brown, 401 Mich. 80 (1977) – Michigan recognizes defamation per se for statements that prejudice a person in their profession or community.

### Emotional Distress / Equal Dignity

• Restatement (Second) of Torts § 46 – Liability for extreme and outrageous conduct causing severe distress.

• Taylor v. Metzger, 152 N.J. 490 (1998) – Racial/ethnic slur sufficient for IIED claim.

• Alcorn v. Anbro Engineering, Inc., 2 Cal. 3d 493 (1970) – Outrageous insult in workplace upheld as IIED.

### Diplomatic Conduct / Public Duty

• Vienna Convention on Diplomatic Relations (1961), Art. 41 – Diplomats must respect the dignity and laws of the host state.

• Vienna Convention on Consular Relations (1963) – Reiterates respect for sovereignty and local laws.

• 22 U.S.C. § 3901 (Foreign Service Act) – Ambassadors represent U.S. values abroad, including dignity, respect, and lawful conduct.

• 22 U.S.C. § 3905 – Requires ambassadors to maintain the highest standards of integrity and conduct.

## JS 44 – Civil Cover Sheet

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

### Plaintiff(s)

Dr. Benjamin Ballout
U.S. and Lebanese Citizen
400 Renaissance Center

Suite 2600

Detroit, Michigan 48243

### Defendant(s)

Ambassador Tom Barrack
Current U.S. Diplomatic Official
Service Address or via State Department

### Basis of Jurisdiction

☒ Federal Question (28 U.S.C. §1331)
☒ Diversity of Citizenship (28 U.S.C. §1332)

Cause of Action: Defamation (Restatement (Second) of Torts §§558–559), Intentional
Infliction of Emotional Distress, Declaratory Judgment (28 U.S.C. §2201).

### Nature of Suit

☒ 320 – Assault, Libel & Slander
☒ 440 – Civil Rights

### Origin

☒ Original Proceeding

### Relief Requested in Complaint

☒ Declaratory Judgment
☒ Injunctive Relief ordering Defendant to issue public retraction and apology

☒ Costs and Fees
☐ Monetary Damages (not primary relief)

**Jury Demand**

☒ No (Plaintiff requests equitable relief)